### PETER CLARK *vs.* BENJAMIN BURT.

The boundary line, between adjoining proprietors of land, may be ascertained and fixed, by the award of arbitrators appointed for the purpose.

An award, establishing a boundary line, from one known monument to another, *by land of one of the parties*, is void for uncertainty, as to the line so described.

The terms of an award in writing cannot be controlled by the oral declarations of the arbitrators, though made to the parties at the time of its publication.

The admissions of one of the parties to an award, as to the meaning and intention of the arbitrators, are inadmissible in evidence to control its terms.

THIS was an action of trespass to land, tried before *Wells* C. J., in the court of common pleas.

Neither of the parties exhibited any title by deed to the close in dispute; but it was in evidence, on the part of the plaintiff, that previous to the 19th of November, 1845, he and those under whom he claimed had been thirty years in possession of the place in question, which was a part of a larger lot, and covered with wood. The defendant offered no evidence to show possession in himself, or in those under whom he claimed, previous to the said 19th of November.

The plaintiff and defendant being the owners of land adjoining each other, and adjoining the close in question ; and disputes having arisen between them, as to the boundary lines of their respective lots, where they adjoined each other, the plaintiff insisting among others upon a line which would include the place alleged to be trespassed upon in his lot and the defendant contending for a line, as the true one which would include it in his; the parties, on the 19th of November, 1845, entered into an agreement under seal to submit their differences, as to the subject of their boundary lines, to the decision of three arbitrators, who were authorized to establish lines and boundaries between them. The arbitrators, on the same day, met the parties, and after a hearing, made and published their award.

The arbitrators, in their award, which was in evidence, described the line established by them as commencing at the north-east corner of the defendant's land, which was not in dispute, and thence running westerly, by a course described, " to a stake standing on the bank of a ditch, and at the end of a pole fence between the lots of said Clark and Burt, thence westerly by land of said Clark, to a spruce tree in the swamp ; " and thence by other courses, not in dispute, to the point of beginning.

The stake and the spruce tree were not in dispute. But it was in evidence, that an old pole fence commenced at the stake, and, at the time of the award, extended in a general westerly direction, about two thirds of the distance, towards the spruce tree, making, however, some five or six angles in its course ; and that for the other one third of the distance, after the award, the ends of stakes were found in the ground,

which were supposed to belong to a fence, though no wit-ness — and there were several who recollected more than thirty years back — ever knew of a fence there.

The plaintiff contended, that the line in question followed the old pole fence as far as it went, and then onwards in the direction of the ends of the stakes to the spruce tree. The defendant, on the contrary, contended, that under the award, the line was a straight line between the two points. The close in dispute was included between these two lines.

The defendant offered evidence to prove that the chairman of the arbitrators, at the time of the publication of the award, notified the parties, that the line in question was a straight line. He also offered to prove, that subsequently to the making of the award, the plaintiff had admitted that the line in question was a straight line, and had offered to pay the defendant for wood which he had cut on the land in dispute. This evidence was not offered to prove title to the land, inde-pendent of the award, but as an admission of the plaintiff, that the award called for a straight line

The presiding judge rejected the evidence, and ruled that the award, as to the line in question, was void for uncertainty. A verdict was thereupon taken for the plaintiff, and the de-fendant alleged exceptions.

*J. G. Abbott*, for the defendant, argued, that the evidence rejected did not go to contradict, but only to explain and apply, the award; that the words "by land of Clark," did not mean the line as it was before the award, but afterwards, that is, a straight line; and that these words might, if neces-sary, be rejected as surplusage.

*T. Hopkinson*, for the plaintiff.

DEWEY, J. We have no doubt, that on a question of the precise location of a boundary line between two adjacent owners, the legal rights of the parties may be fixed by an award of arbitrators, mutually agreed upon, to ascertain and fix the true boundary. The difficulty, in the present case, is of a different nature; and the available ground, for denying any effect to this award, is its own uncertainty as to the line, declared by the arbitrators to be the true boundary line, as

a part of the boundary ; the description is, " to a stake and stones (described,) thence westerly by land of said Clark to a spruce tree in the swamp." The locality of the stake and of the spruce tree are not in dispute ; but the question raised relates to the course of the line between these points. The defendant contends, that this line was a straight one between these two points. The rule is quite clear, that in the absence of all monuments, or other extraneous objects, referred to for explanation of the course of the line, a boundary line purporting to run from a defined monument, such as a black oak tree, to another defined monument, as a white oak tree, would be a straight line between those two objects. But when there is any monument, or extraneous matter, introduced into the description, as a part of the boundary, and the line between the two *termini* is required to correspond with or is controlled by such intermediate monuments, then the rule of a straight line necessarily yields to such other monuments, or descriptive words.

It is also quite clear, that a boundary to this effect, " thence bounded by land of A. B.," is a boundary by a monument, or what is equivalent, and controls the course of the line. The case of *Allen* v. *Kingsbury*, 16 Pick. 235, only decides, that where a boundary line is given in a deed to be run from one given monument to another, it must be deemed to be a straight line, unless a different one is described in the deed. It is true, that in the case cited, the description was, " by the line of the heirs of A. B.," but it is quite apparent, that in fact, in that case, there was no such existing line as that stated in the deed. It was only an imaginary line, passing over the land of the heirs of A. B.; and of course could not be adopted as a controlling boundary, or justify a departure from a straight line between the two points given.

The oral declaration of the chairman of the arbitrators, that the line was to be a straight line, was inadmissible to control the written award. *Withington* v. *Warren*, 10 Met. 431.

It was not competent to give in evidence the declarations of the plaintiff, made subsequent to the publishing of

the award, that the line was a straight line; nor could the fact, that the plaintiff offered to pay the defendant for wood which he had cut upon the disputed premises, be competent evidence to control the award; the language of that being intelligible and certain. The party making such admissions might have mistaken his legal right, and is not to be estopped thereby from maintaining what may be his legal title. The case of *Allen* v. *Kingsbury*, above cited, is a strong case to sustain the ruling of the court excluding parol evidence as incompetent to vary or control the written award.

*Exceptions overruled.*